IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL R. BROCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-16-JED-TLW |
| ) | |
| PRUDENTIAL INSURANCE COMPANY OF ) | |
| AMERICA, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are defendant Prudential Insurance Company of America, Inc.'s Motion for Summary Judgment and Brief in Support (Doc. 11), and plaintiff Paul R. Brock's Motion for Summary Judgment and Brief in Support Thereof (Doc. 13).[1] Both motions are opposed. For the reasons set forth below, the Court concludes that defendant's Motion should be **granted** and plaintiff's Motion should be **denied**.

**I.     Background**

The following facts are undisputed. Plaintiff Paul Brock is the brother of Carl Brock, who was a United States Army Sergeant at the time of his death on December 17, 2012. (Doc. 11 at 3, ¶¶ 1, 3). Sergeant Brock was enrolled in the Service Member's Group Life Insurance program ("SGLI"). (*Id.*, ¶ 2).

On November 10, 2011, plaintiff was designated the beneficiary of Sergeant Brock's SGLI life insurance policy, which was issued by defendant Prudential Insurance Company of

---

[1] Plaintiff's Motion for Summary Judgment concedes that it is "substantially the same" as his Response to defendant's Motion for Summary Judgment, and was merely "brought to formally place the issue of Plaintiff's entitlement to judgment before the Court." (Doc. 13 at 1). Thus, by addressing the arguments in plaintiff's Response to Prudential's Motion for Summary Judgment, the Court is also addressing the merits of plaintiff's summary judgment motion.

America, Inc. ("Prudential") and had a total death benefit in the amount of $400,000. (*Id.*, ¶ 3). The insurance contract makes clear that Prudential shall pay the amount of insurance purchased by Sergeant Brock to Sergeant Brock's beneficiary upon Prudential's receipt of proof in writing. The terms of the contract further state that any change in Sergeant Brock's beneficiary is effective "only by filing written notice thereof, over his signature, prior to his death with his uniformed service or with the Office as required by the further provisions of this Section." (Doc. 12 at 4, ¶ 1). On June 13, 2012, a change of designated beneficiary naming Irene Eridiano Brock as the principal beneficiary was electronically was submitted to SGLI. On January 2, 2013, an Army representative advised defendant that the beneficiary change was never certified by Sergeant Brock's digital or physical signature, per the requirements. (Doc. 11 at 3, ¶ 4; Doc. 12 at 5, ¶ 3).

Plaintiff made a claim for death benefits under the SGLI policy on January 15, 2013. (*Id.*, ¶ 5). On February 25, 2013, the Army Criminal Investigation Department ("CID") informed Prudential that it had initiated an investigation regarding Irene Eridiano Brock's involvement in Sergeant Brock's death and change in Sergeant Brock's beneficiary designation. (*Id.*, ¶ 6). CID informed Prudential that it could be a "long" investigation. (*Id.*, ¶ 6). On February 27, 2013, Prudential referred plaintiff's claim to have the funds interpled. (Doc. 11, Exh. 7). On March 28, 2013, Prudential determined that the claim was not ripe for interpleader based on the pending CID investigation and the fact that Irene Eridiano Brock could still submit a claim under the policy. (Doc. 11, Exh. 8).[2]

---

[2] Plaintiff has failed to meaningful object to this fact, which the Court finds is supported by the record. *See* Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."); LCvR 56.1(c) ("All material facts set forth in the statement of the

2

Prudential maintained communication with plaintiff's counsel regarding the status of plaintiff's claim given the existence of an "unclear beneficiary" designation and the pending CID investigation. (*Id.*, ¶ 9). Correspondence dated June 12, 2013 states that Prudential was "await[ing] the result of [the CID] investigation in order to proceed with [plaintiff's] claim." (Doc. 11, Exh. 9, at 3). The CID investigation was completed on or about October 9, 2013. Defendant did not receive a copy of the CID report until January 9, 2014. (*Id.*, ¶ 10).[3]

Plaintiff initiated this lawsuit on January 13, 2014, seeking "full payment of $400,000 in life insurance benefits" under the SGLI life insurance policy as a third-party beneficiary of the contract, in addition to interest, costs, and attorney's fees. (Doc. 2 at 2, ¶¶ 7-8). The parties commenced settlement negotiations and could not agree on the interest rate applicable to the proceeds of the SGLI policy. Prudential claimed it was only required to pay the usual amount of interest paid on death proceeds, citing the terms of the policy, which provide that interest is set "at a rate to be determined by the Insurance Company." Plaintiff claimed that Prudential should pay either the prejudgment interest rate, or the amount defendant earned on the proceeds during the time they were held. Plaintiff claimed interest at a rate of 2.15 percent as of February 6, 2014. (Doc. 11 at 5, ¶¶ 13-15).

On February 11, 2014, Prudential paid plaintiff $400,000 representing the total proceeds of the policy, plus interest in the amount of $2,333.62, calculated with the interest rate normally paid by Prudential for death proceeds. The check was negotiated by plaintiff and his law firm on

---

material facts of the movant may be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party.").

[3] Plaintiff has also failed to meaningfully object to this fact. The October 9, 2013 correspondence includes a request for the CID report, and therefore plaintiff's contention that "Prudential did not request the results of the investigation until January 9, 2014" is without merit. (*See* Doc. 12 at 4, ¶ 10). The exhibit further demonstrates that defendant requested the CID report again on January 8, 2014. (Exh. 10, at 3).

3

February 13, 2014. (*Id.*, ¶¶ 16-17). Plaintiff now argues that an interest rate of 15 percent is proper pursuant to Okla Stat. tit. 36, § 3629(b). (*Id.*, ¶ 18).

## II. Legal Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "A fact is 'material' only if it might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. There is no genuine issue of material fact "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The district court thus must determine "whether the evidence presents a sufficient disagreement [about that material fact] to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. The non-movant's evidence should be taken as true, and all justifiable and reasonable inferences are to be drawn in the non-movant's favor. *Id.* at 255.

"Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment. . . ." *Id.* "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249.

## III. Discussion

Prudential argues that it is entitled to summary judgment because there is no genuine dispute of material fact regarding Prudential's performance of its obligations under the contract. Specifically, Prudential argues that: (1) its payment of the life insurance policy proceeds to

plaintiff bars plaintiff's breach of contract suit, and (2) it has satisfied its obligation to pay interest to plaintiff. Plaintiff's argument in response, which is also the main argument in its own Motion for Summary Judgment, is that there exists a genuine dispute regarding whether Prudential's delay in paying plaintiff the proceeds constitutes a breach of the contract. (Doc. 12 at 6).

### A. Breach of Contract

Under Oklahoma law, plaintiff must prove the following in order to recover on his breach of contract claim: (1) formation of a contract, 2) breach of the contract, and 3) damages directly resulting from the breach. *Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Prudential asserts that its payment of the entire sum of the SGLI policy proceeds to plaintiff on February 11, 2014 supports a judgment in its favor. (Doc. 11 at 6). In response, plaintiff contends that he is entitled to judgment because Prudential's delay constitutes breach of the contract. Plaintiff also argues that Prudential's defense of payment argument lacks merit because the payment was made after the lawsuit was filed. (Doc. 12 at 7-9).

Based on the undisputed facts, the Court concludes that there is no material dispute regarding plaintiff's breach of contract claim. Plaintiff has failed to show that Prudential denied his claim for benefits at any time. Instead, the evidence demonstrates that plaintiff was informed that Prudential was awaiting the results of the pending CID investigation in order to process his claim. (Doc. 11, Exh. 9, at 3). Prudential paid plaintiff the proceeds and accrued interest just over a month after receiving the CID investigation report. (Doc. 11 at 5, ¶ 16). Plaintiff has cited no law demonstrating that an insurer's delay in payment of life insurance proceeds constitutes breach of a contract. Nor has the Court uncovered any law to this effect.

The case cited by Prudential, *Butterfly-Biles v. State Farm Life Ins. Co.*, 2010 WL 346839 (N.D. Okla. Jan. 21, 2010), supports the Court's conclusion. In that case, a life insurance beneficiary alleged that State Farm breached its insurance construct by refusing to timely pay her benefits. Prior to initiation of the lawsuit, State Farm had informed plaintiff that it was awaiting the results of an investigation regarding the cause of the insured's death, in which she was a suspect. *Id.* at *2). In its answer to plaintiff's complaint, State Farm "admitted that it was ready, willing, and able to make payment under the policy to the appropriate beneficiary or beneficiaries," and later interpleaded beneficiaries and deposited the funds with the court. *Id.* at *5. Based on these facts, the district court determined that "State Farm has not refused to make payment under the policy. Because it has not refused to pay benefits, State Farm cannot be liable for breach of contract." *Id.* The court thus granted State Farm's motion for summary judgment on the plaintiff's breach of contract claim. *Id.* at *7.

Plaintiff has failed to assert a meaningful distinction between this case and *Butterfly-Biles* that would counsel a different result here.[4] Drawing all inferences in plaintiff's favor, the Court cannot conclude that there is sufficient evidence such that a reasonable jury would find in favor of plaintiff on its breach of contract claim. Prudential is therefore entitled to summary judgment.

**B. Applicable Interest Rate**

---

[4] While the Court acknowledges that Colorado law governed the breach of contract claim in *Butterfly-Biles*, the Court agrees with Prudential that there is no significant difference between Oklahoma and Colorado law on the relevant principles of contract law. Moreover, it appears that, like in *Butterfly-Biles*, any argument regarding delay of payment is more relevant to a bad faith claim than a breach of contract claim. *See Toppins v. Minnesota Life Ins. Co.*, 460 F. App'x 768, 771 (10th Cir. 2012) (unpublished) (under Oklahoma law, liability for breach of the implied covenant of good faith and fair dealing requires "a clear showing that the insurer unreasonably, and in bad faith, withholds payment of the claim of its insured." (quoting *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 905 (Okla. 1977)). However, plaintiff has not asserted any claim beyond the breach of contract claim.

Because the Court finds that judgment in favor of Prudential is proper, plaintiff's argument that it is entitled to interest under Okla. Stat. tit. 36, § 3629(B) is moot. To be clear, Okla. Stat. tit. 36, § 3629(B) allows an award of costs and attorney fees to the "prevailing party" upon the entry of judgment. If the insured is the prevailing party, interest is set at a rate of 15 percent. *Id.* Thus, Court's determination that summary judgment in Prudential's favor is appropriate makes clear that plaintiff is *not* the prevailing party and therefore § 3629(B) is inapplicable.[5] Accordingly, Prudential's interest payment to plaintiff at a rate consistent with the rate it normally pays for death proceeds was proper.

## IV. Conclusion

For the reasons stated above, defendant Prudential Insurance Company of America, Inc.'s Motion for Summary Judgment and Brief in Support (Doc. 11) is **granted**, and plaintiff Paul R. Brock's Motion for Summary Judgment and Brief in Support Thereof (Doc. 13) is **denied**.

SO ORDERED this 27th day of March, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[5] The Court rejects plaintiff's argument that Prudential's payment of proceeds after the initiation of this lawsuit makes plaintiff a "prevailing party" for purposes of § 3629(B), because at no point during these proceedings has a judgment been entered in plaintiff's favor. The Tenth Circuit recently emphasized the importance of a judgment in triggering § 3629(B): "We have recognized that the 'judgment' requirement of § 3629(B) 'applies equally to judgments entered pursuant to a confession of judgment, a stipulation, a summary judgment, or any other final determination of rights.' Nevertheless, there still must be a judgment. And absent a judgment, [the insured] cannot be the prevailing party." *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1009-10 (10th Cir. 2017) (quoting *Yousuf v. Cohlmia*, 741 F.3d 31, 46 (10th Cir. 2014)).